UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ROBERT RAY, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No. 2:09-cv-239-LJM-DML |
| ) | |
| BRUCE LEMMON, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for a Writ of Habeas Corpus**

Robert Ray ("Ray") an Indiana prisoner, seeks habeas corpus relief with respect to a prison disciplinary proceeding identified as No. RDC 08-09-0057.

Indiana prisoners must pursue their available administrative remedies before filing a habeas petition. *Eads v. Hanks,* 280 F.3d 728, 729 (7th Cir. 2002); *Markham v. Clark,* 978 F.2d 993, 995 (7th Cir. 1992). The failure to do so, whether pertaining to the remedy as a whole or to the inclusion in an administrative appeal each claim which is later asserted in a federal habeas petition, constitutes a procedural default.

The pleadings and the expanded record in this action for a writ of habeas corpus show that Ray did not include either of his two habeas claims in the course of using administrative remedies within the Indiana Department of Correction.

Ray could overcome procedural default through a showing of cause and prejudice or that a fundamental miscarriage of justice would result if the merits of his claim are not reached. *Aliwoli v. Gilmore,* 127 F.3d 632, 634 (7th Cir. 1997) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). However, Ray has not attempted to do so. Accordingly, the court is precluded from reaching the merits of the claims in the petition. The petition for a writ of habeas corpus is therefore **denied** and this action is **dismissed with prejudice.**

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 04/13/2010

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana